JENNIFER M. PROTAS - BAR# 250959
jenn.protas@hogefenton.com
ASHLEE N. CHERRY - BAR# 312731
ashlee.cherry@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for Defendants
San Jose Sharks and Logan Couture

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| Susan Wei | No. |
|---|---|
| Plaintiff, | (Santa Clara Superior Court Case No. 18CV328985) |
| vs. | DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(A) (FEDERAL QUESTION) |
| San Jose Sharks and Logan Couture, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants San Jose Sharks and Logan Couture ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Santa Clara, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction over Plaintiff Susan Wei's lawsuit pursuant to 28 U.S.C. §§ 1331 because Plaintiff's claims arise in part from the laws of the United States.

The following is a listing of the pleadings to date and a short and plain statement of the grounds for removal:

/ / /

/ / /

## VENUE

1. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought within a county encompassed by the Northern District of California—the Superior Court of the State of California, County of Santa Clara.

## INTRADISTRICT ASSIGNMENT

2. Assignment to the San Jose Division of this Court is proper as the State Court Action was pending in Santa Clara County Superior Court. (See Civil L.R. 3-2, subd. (e).)

## THE PLEADINGS

3. **The Complaint**: On or about May 29, 2018, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of California, County of Santa Clara, Case No. 18CV328985. In this Complaint, Plaintiff alleged six causes of action for relief against all Defendants, none of which stated a federal claim: (1) violation of California Penal Code Section 502; (2) Defamation; (3) False Light; (4) Invasion of Privacy; (5) Fraud; and (6) Retaliation. (Declaration of Jennifer M. Protas ("Protas Dec."), ¶ 2.) A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

In response to meet and confer efforts regarding the filing of a demurrer, Plaintiff filed an amended Complaint (the "Operative Complaint") on August 9, 2018. In the Operative Complaint, Plaintiff alleged four causes of action against Defendants: (1) Defamation; (2) Invasion of Privacy; (3) violation of Electronic Communications Privacy Act (18 U.S.C. § 2510), Computer Fraud and Abuse Act (18 U.S.C. § 1030), and California Penal Code section 502[1]; and (4) Witness Tampering in violation of 18 U.S.C. § 1512. Plaintiff served the Operative Complaint via mail to counsel for Defendants; Defense

---

[1] Though this cause of action contains alleged violations of two federal statutes and a state statute, Plaintiff inexplicably combined it into one cause of action. Further, though the caption of Plaintiff's Operative Complaint does not state that she is alleging a violation of California Penal Code section 502, the body of the Operative Complaint alleges a violation of that statute.

counsel received a copy of the Operative Complaint on or about August 15, 2018.[2] (Protas Dec., ¶ 3.)  A true and correct copy of the Operative Complaint is attached hereto as **Exhibit B**.

4. **The Response:** Defendants have not yet filed a responsive pleading.

## TIMELINESS OF REMOVAL

5. Plaintiff served Defendants (through counsel) with a copy of the Operative Complaint via mail; Defense counsel received a copy of the Operative Complaint on or about August 15, 2018.[3] (Protas Dec., ¶ 3.)  No proof of service was included with the Operative Complaint.  (Protas Dec., ¶ 3.)

6. Pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure 6, Defendants are filing this Notice of Removal within the time permitted for removal of complaints.  Defendants' deadline to respond to the Complaint in Superior Court is September 17, 2018, based on service by mail on August 13, 2018.

## JURISDICTION

7. Pursuant to 28 U.S.C. § 1441, Defendants may remove this action to this Court because this Court has original jurisdiction over this case on the basis of federal question jurisdiction.

8. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Here, Plaintiff's third and fourth causes of action allege violations of federal statutes.  (Plaintiff's Operative Complaint, ¶¶ 47-49, 53-54, 55.)  Accordingly, Plaintiff has asserted claims "arising under the . . . laws of the United States."

10. Moreover, this Court has supplemental jurisdiction over all other claims

---

[2] Plaintiff did not include a proof of service with the Operative Complaint, but it appears from the envelope that the Operative Complaint was placed in the mail on August 13, 2018.  (Protas Dec., ¶ 3.)
[3] Plaintiff's original Complaint, filed on or about May 29, 2018, did not allege any federal causes of action.  (See **Exhibit A.**)

asserted by Plaintiff pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c).  When a defendant removes a lawsuit that joins both federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims are so closely related to the federal claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).  Claims form part of the same case or controversy when they "derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349 (1988) (citations and quotations omitted).  Here, Plaintiff's allegations are premised on: 1) her interactions with Defendant Logan Couture; 2) being referred to as a "puck bunny" thereafter; and 3) Defendants' efforts to "cover up" this behavior.  (See, e.g., Plaintiff's Operative Complaint, ¶ 12 ("Ms. Wei REGRETFULLY engaged in fun flirting/dancing with Mr. Couture. . ." (emphasis in original)); Plaintiff's Operative Complaint, ¶ 31 ("Sometime between 2014 and 2016, Ms. Wei became aware that fans, athletes, and people such as Bret Hedican and Randy Hahn were calling Plaintiff Puck Bunny"); Plaintiff's Operative Complaint, ¶ 47 ("Ms. Wei also alleges the [sic] Logan Couture and San Jose Sharks went through an email between her and an old work associate.  They contacted him, smoked cigarettes with him, and in attempt to get dirt on Ms. Wei, asked him about the nature of their work/financial relationship. . ."); Plaintiff's Operative Complaint, ¶ 54 ("Ms. Wei believes Sharks intercepted this email and has since offered financial incentive to keep this witness from testifying").)  All claims arise from the same common nucleus of operative facts, and therefore supplemental jurisdiction is appropriate.

## **JOINDER**

11.   All named Defendants join in this notice.  There are no other parties who need to join in this Notice of Removal.  The Court may disregard fictitious "Doe" defendants on removal.

## **NOTICE TO PLAINTIFFS AND THE STATE COURT**

12.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will

-4-

DEFENDANTS' NOTICE OF REMOVAL
\\HFREPO\DOCS\92270\PLE\2956350.DOCX

be served upon Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Santa Clara, as required by 28 U.S.C. § 1446(d).

DATED: September 7, 2018

HOGE, FENTON, JONES & APPEL, INC.

By /s/ Jennifer M. Protas
   Jennifer M. Protas
   Ashlee N. Cherry
   Attorneys for Defendants