UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUSAN WEI,<br><br>          Plaintiff,<br><br>    v.<br><br>SAN JOSE SHARKS, et al.,<br><br>          Defendants. | Case No.18-cv-05483-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE; DENYING MOTION TO REMAND WITHOUT PREJUDICE; AND DENYING EMERGENCY MOTION TO AMEND OR SUPPLEMENT COMPLAINT**<br><br>Re: Dkt. Nos. 11, 44, 50 |

Pro se plaintiff Susan Wei filed this action against defendants San Jose Sharks ("the Sharks") and Logan Couture in the Superior Court for the County of Santa Clara on May 29, 2018. Dkt. No. 7, Ex. A at 1. On August 9, 2018, Ms. Wei filed an amended complaint asserting the following claims: (1) defamation; (2) invasion of privacy; (3) violation of the Electronics Communication Privacy Act ("ECPA") (18 U.S.C. § 2510), the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030), and California Penal Code § 502; and (4) witness tampering and bribery (18 U.S.C. § 1512). *Id.*, Ex. B ¶¶ 36-54.

Defendants removed the case to federal court on September 7, 2018, asserting federal question jurisdiction under 28 U.S.C. § 1331. Defendants moved to dismiss the claims for failure to state a claim under Rule 12(b)(6) and to strike pursuant to Rule 12(f). Dkt. No. 11. Ms. Wei opposes defendants' motions to dismiss and to strike, and she separately moved to remand to state court. Dkt. Nos. 39, 44. The Court heard oral argument on the parties' motions on November 13, 2018. Dkt. No. 51.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 17, 42. Based on the

parties' moving papers and oral arguments, and for good cause shown, the Court hereby grants defendants' motion to dismiss with leave to amend, grants in part and denies in part defendants' motion to strike, and denies without prejudice Ms. Wei's motion to remand.

## I.  BACKGROUND[1]

Ms. Wei is a longtime avid ice hockey and figure skating fan who enjoys watching sports games, including Sharks games.  Dkt. No. 7, Ex. B ¶¶ 4-8.  She says that beginning in November 2011, Mr. Couture, a member of the Sharks team, began attempting to solicit her romantic and/or sexual attentions and that those efforts continued over a period of years.  *Id.* ¶¶ 9-12.  Although Ms. Wei admittedly flirted and danced with Mr. Couture on various occasions, Ms. Wei did not return his interest in a relationship.  *Id.* ¶¶ 10, 17, 20, 24, 27.

Sometime between 2014 and 2016, Ms. Wei became aware that fans, athletes, and sports announcers were referring to her as a "puck bunny."  *Id.* ¶ 31.  A "puck bunny" is "a female ice hockey fan whose interest in the sport is primarily motivated by sexual attraction to the players rather than enjoyment of the game itself."  *Id.*; *see also id.* ¶ 37.  Ms. Wei says that this pejorative label was applied to her because her social media and Internet activity gave the appearance of only recently becoming interested in hockey and because she flirted with Mr. Couture but otherwise rebuffed his advances.  *Id.* ¶¶ 27-28, 32, 36.

In addition to calling her a "puck bunny," Ms. Wei also says that Mr. Couture called her "easy," implying that she was promiscuous.  *Id.* ¶ 39.  She says that as a result of Mr. Couture's statements, other people recognized her and speculated about her personal life.  *Id.*  Because so many people in her local community knew who Ms. Wei is and ridiculed her, her appearance, and her purported sexual activities, Ms. Wei has suffered severe emotional distress and can no longer go about her daily activities (such as working or grocery shopping) unaffected.  *Id.* ¶¶ 40, 43.

Ms. Wei also alleges other misconduct by defendants.  She alleges that the Sharks hacked into her medical records and personal email and invaded her privacy by tracking her movements

---

[1] Unless otherwise noted, the following factual allegations are taken from the complaint, and they are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

2

and eavesdropping on her private conversations via a Sharks mobile phone application. *Id.* ¶¶ 43, 47-48. Because defendants were able to access her emails, Ms. Wei says, they managed to identify a witness able to testify on Ms. Wei's behalf and subsequently offered that witness a bribe to remain silent. *Id.* ¶ 54.

Sometime in 2017, Ms. Wei contacted the Sharks' human resources department to file a complaint regarding the defamation of her reputation and invasion of her privacy. *Id.* ¶ 50. The Sharks later informed Ms. Wei that after investigation, they found no evidence of any wrongdoing. *Id.* Ms. Wei filed this action in state court on May 29, 2018. *Id.*; Dkt. No. 7, Ex. A.

## II.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese*, 643 F.3d at 690. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although an assertion that a claim is time-barred is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of

facts that would establish the timeliness of the claim.").

Where a plaintiff appears pro se, as in this case, "the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam)), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)) (en banc); *accord Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

Because Ms. Wei's motion to remand implicates this Court's subject matter jurisdiction, the Court considers that motion first.

Ms. Wei does not state any grounds in support of her motion for remand. Instead, she says she is willing to dismiss all her federal claims, specifically, her claims for violations of the ECPA, the CFAA, and the statute that prohibits witness tampering, such that only state law claims remain. Dkt. No. 44 at 2; Dkt. No. 49 at 4. Defendants oppose Ms. Wei's motion to remand on the ground that she has not amended her complaint so the federal claims remain at issue. Dkt. No. 48 at 3.

A court ordinarily must look at the case at the time of removal when determining subject matter jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 543, 537 (1939). At the time this action was removed, the operative complaint pled claims under three different federal statutes. Dkt. No. 7, Ex. B ¶¶ 47-49, 52-54. Accordingly, the Court possesses federal question jurisdiction over those claims so long as they remain in the case. 28 U.S.C. § 1331. The Court denies Ms. Wei's motion to remand without prejudice.

United States District Court
Northern District of California

B.     **Defendants' Motion to Dismiss**

1.     **Claim 3 (federal claims): Violation of Electronics Communication Privacy Act (18 U.S.C. § 2511[2]), Computer Fraud and Abuse Act (18 U.S.C. § 1030)**

Ms. Wei combined her various claims under the ECPA, CFAA, and California Penal Code § 502[3] into a single claim for relief. Defendants argue that she fails to state a claim under the ECPA because the amended complaint did not specify which portion of that statute was violated. Dkt. No. 11 at 10–11. Defendants further argue that Ms. Wei fails to state a claim under the CFAA because that statute applies only to "protected computers," which are either computers used by or for a financial institution or the United States government, or a computer used in or affecting interstate or foreign commerce. *Id.* at 11.

The Court understands from Ms. Wei's submissions and from her statements during oral argument that she does not oppose defendants' motion to dismiss her ECPA and CFAA claims. Dkt. No. 39 at 13; Dkt. No. 44 at 2; Dkt. No. 49 at 4. The Court agrees that, as currently pled, Ms. Wei fails to state any claim for relief under either statute, for the reasons stated in defendnats' motion. These two claims within claim 3 are dismissed.

If Ms. Wei intends to withdraw her ECPA and CFAA claims, she may file a second amended complaint that omits those claims for relief. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1391–92 (9th Cir. 1988) (holding that the proper mechanism for eliminating one claim among several without dismissing any defendants is amendment under Federal Rule of Civil Procedure 15(a), not unilateral voluntary dismissal under Rule 41(a)(1)). Alternatively, the parties may stipulate to the withdrawal of the ECPA and CFAA claims.

2.     **Claim 4: Witness tampering and bribery (18 U.S.C. § 1512)**

Defendants argue that Ms. Wei cannot state a claim for violation of 18 U.S.C. § 1512 because that statue does not provide a private right of action. Dkt. No. 11 at 13. Section 1512 criminalizes tampering with evidence or the testimony of a witness, victim, or informant by means

---

[2] Although the amended complaint claims a violation of 18 U.S.C. § 2510, Ms. Wei clarified that she intended to assert a claim under 18 U.S.C. § 2511 instead. Dkt. No. 39 at 13.

[3] The Court does not address Ms. Wei's claim under Section 502 at this time. *See* Section III.B.3.

of murder, physical force, threats, intimidation, corrupt persuasion, misleading, or harassment in an official proceeding. 18 U.S.C. § 1512(a)-(d). The statute does not provide Ms. Wei with a private right of action. *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596, 596–97 (9th Cir. 2010); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (affirming dismissal of claims brought under criminal provisions that "provide[d] no basis for civil remedy"). The Court therefore dismisses Ms. Wei's claim for relief for violation of 18 U.S.C. § 1512 without leave to amend.

### 3. Supplemental Jurisdiction

All of Ms. Wei's remaining claims are premised on California law. Where underlying federal claims have been dismissed, the Court has discretion to decide whether to exercise supplemental jurisdiction over the remaining state law claims. *Schneider v. TRW, Inc.*, 938 F.2d 986, 933–34 (9th Cir. 1991); *see also* 28 U.S.C. § 1367(c)(3); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003), *amended at* 350 F.3d 916 (9th Cir. 2003).

Defendants ask the Court to retain jurisdiction over the supplemental California state law claims. Dkt. No. 48 at 4–5. They contend that judicial economy and fairness weigh in favor of the Court retaining jurisdiction, citing Ms. Wei's proposed dismissal of her federal claims as a delay tactic. A plaintiff who pleads both state and federal claims but later dismisses her federal claims to obtain remand following removal does not necessarily engage in "manipulative pleading practices." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490–91 (9th Cir. 1995); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (noting that a district court can consider whether the plaintiff has engaged in manipulative tactics when deciding whether to remand case). Indeed, the Ninth Circuit was "not convinced that such practices were anything to be discouraged," noting that "[t]here [is] nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court." *Id.* Moreover, as a pro se plaintiff, it is not surprising that Ms. Wei is unfamiliar with the procedures for amending her complaint.

This action is in its earliest stages: the pleadings are not yet settled, no case schedule has

6

been set, and no discovery has been exchanged. *See Carnegie-Mellon*, 484 U.S. at 349 ("'[C]onsiderations of judicial economy, convenience, and fairness to litigants' support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions.") (discussing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). This case differs significantly from those where judicial economy, convenience, and fairness to the parties favor retaining jurisdiction of state law claims when the claims on which the court's federal jurisdiction are based have been dismissed. *See, e.g.*, *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (holding that district court's dismissal of state law claims just seven days before trial and after long delays was neither fair to parties nor efficient use of judicial resources, and hence abuse of discretion).

The Court declines to exercise supplemental jurisdiction over Ms. Wei's remaining state law claims unless and until a viable federal claim is adequately pled. 28 U.S.C. § 1367(c)(3); *see also Alakozai v. Valley Credit Union*, No. C10-02454 HRL, 2010 WL 5017173, at *1 (N.D. Cal. Dec. 3, 2010) (dismissing federal claim with leave to amend and declining supplemental jurisdiction over remaining state law claims). Claims 1 and 2, and the portion of claim 3 that is premised on California Penal Code § 502 are dismissed without prejudice at this time. They may be re-pled in a second amended complaint, as discussed below.

### C.    Defendants' Motion to Strike

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). A matter is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in question." *Id.* (internal quotation marks omitted). "Scandalous" allegations include those that "cast a cruelly derogatory light on a party or other person." *Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-THE, 2016 WL 4364225, at *3 (N.D. Cal. Aug. 16, 2016).

"[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011). When ruling on a motion to strike, the Court must accept the nonmoving party's allegations as true and liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010).

Defendants seek to strike paragraphs 4-8, 13, 18-19, 21-26, 34-35, 46, and 50-53 from Ms. Wei's amended complaint as impertinent and immaterial. Dkt. No. 11 at 16. The Court denies defendants' motion to strike paragraphs 4-8, 18, 21-25, 34-35, 46, and 50-53, as they are relevant to and provide context for Ms. Wei's claims. For example, paragraphs 4 through 8 describe Ms. Wei's background as a longstanding hockey and ice skating fan, which she says shows that she is not, in fact, a "puck bunny" who is only interested in hockey because she is attracted to hockey players. Allegations supplying background or historical material or other matter of evidentiary nature which contribute to understanding of the complaint as a whole will not be stricken unless unduly prejudicial. *LeDuc v. Ky. Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *In re Facebook PPC Advertising Litig.*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010). However, the Court finds that paragraphs 13, 26, and 46 are immaterial and impertinent because they are not relevant to and do not provide necessary background for Ms. Wei's claims, and on that basis, the Court strikes them.

Defendants further contend that paragraph 24 should be stricken as scandalous and prejudicial. Paragraph 24 implies that Ms. Wei did not want to meet Mr. Couture "one on one" at an event in March 2015 because she was concerned that, based solely on unrelated sexual assault allegations against other professional athletes in other sports, such a meeting would result in Mr. Couture sexually assaulting her. The Court finds that this allegation casts Mr. Couture in a cruelly derogatory light and therefore strikes the second sentence of paragraph 24.

### D.     Defendants' Request for Judicial Notice

Defendants request that the Court take judicial notice of Ms. Wei's original complaint and amended complaint, originally filed in the state court proceeding. Dkt. No. 12. Ms. Wei does not oppose this request. Both of those documents have been filed on the docket of this action and are therefore part of the record of this case. Dkt. No. 7. Because the amended complaint is the operative complaint, the Court must consider it in ruling on defendants' Rule12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). The Court need not take judicial notice of these documents, and therefore denies the request as moot.

### E.     Plaintiff's Emergency Motion for Supplemental Pleadings and/or to Amend Complaint

On November 13, 2018, shortly before the hearing scheduled for defendants' motions to dismiss and strike and Ms. Wei's motion to remand, Ms. Wei filed an emergency motion to amend or supplement her complaint under Rule 15. Dkt. No. 50. This motion does not comply with the requirements of Civil Local Rule 10-1. The Court therefore denies Ms. Wei's emergency motion to amend or supplement without prejudice. As discussed at the hearing, and below, the Court will give Ms. Wei leave to amend her complaint to plead plausible claims for relief under federal law, if any, and to re-plead her state law claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court denies Ms. Wei's motion to remand without prejudice and grants defendants' motion to dismiss Ms. Wei's federal claims under the ECPA, the CFAA, and 18 U.S.C. § 1512 with leave to amend. The Court denies defendants' request for judicial notice as moot. The Court grants in part and denies in part defendants' motion to strike, striking paragraphs 13, 24, 26, and 46 of the amended complaint. Additionally, the Court denies Ms. Wei's emergency motion to amend or supplement the complaint without prejudice.

Ms. Wei may file a second amended complaint that omits the stricken portions of her first amended complaint and amends her existing federal claims by **November 28, 2018**. If, on the other hand, Ms. Wei chooses to file a second amended complaint that does not assert any federal claims but asserts only state law claims, Ms. Wei may renew her motion to remand thereafter. Alternatively, the parties may stipulate to dismissal of any federal claims in a second amended

1    complaint and may further stipulate to remand the action to state court.

2          If Ms. Wei wishes to add new claims or defendants to her complaint, she must seek leave

3    of the Court by separate motion for permission to do so, and she also must attach her proposed

4    second amended complaint as an exhibit to her motion seeking leave.  Any amended pleading

5    must comply with Civil Local Rule 10-1.

6          The Court encourages Ms. Wei to seek out the assistance of the Federal Pro Se Program,

7    which offers free legal information for pro se litigants.  While the Program does not provide legal

8    representation, a licensed attorney may assist Ms. Wei with aspects of his case, such as amending

9    her complaint to withdraw her federal claims. The Program's phone number is (408) 297-1480.

10   More information on the Program is available on the Court's website at

11   https://cand.uscourts.gov/helpcentersj.

12         Ms. Wei may also wish to consult a manual the Court has adopted to assist pro se litigants

13   in presenting their case.  This manual, as well as other free information for pro se litigants, is

14   available on the Court's website at https://cand.uscourts.gov/pro-se.

15         **IT IS SO ORDERED.**

16   Dated: November 13, 2018

17

18

19   VIRGINIA K. DEMARCHI
     United States Magistrate Judge

20

21

22

23

24

25

26

27

28